PEOPLE *v.* PERRY.

1. Criminal Law—Findings of Fact—Evidence.
  It is not the function of an appellate court to assume the role of a trial judge by substituting its judgment for his, since the trial court saw and heard the witnesses and was best able to judge the credibility to be accorded their testimony.

2. Same—Nonjury Case—Indecent Liberties—Evidence.
  Evidence presented in nonjury prosecution of attempting to take indecent liberties with a child under the age of 16 years *held*, sufficient to justify trial court in finding defend-

References for Points in Headnotes
[1, 2] 5 Am Jur 2d, Appeal and Error § 839 *et seq.*

ant guilty, the testimony of the 9-year-old victim being sufficient to prove every element of the crime charged (CLS 1961, § 750.336).

Appeal from Kent; Vander Wal (John H.), J. Submitted Division 3 June 6, 1967, at Grand Rapids. (Docket No. 961.)   Decided December 6, 1967.

Leonard Dale Perry was convicted of attempting to take indecent liberties with a child under the age of 16 years.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *S. J. Venema,* Assistant Prosecuting Attorney, for the people.

*Thomas A. Ryan,* for defendant.

BURNS, J.   A circuit court judge, sitting without a jury, found the defendant guilty of attempting to take indecent liberties with a child under the age of 16 years.   CLS 1961, § 750.336 (Stat Ann 1954 Rev § 28.568).   Defendant appeals, claiming that the evidence failed to establish his guilt beyond a reasonable doubt.   The relevant facts are as follows.

On June 27, 1964, the allegedly molested female child was in the automotive department of a Grand Rapids discount store with her father and her brother.   The child, aged 9 at the time of the trial, testified that she became separated from her father and brother for about 2 minutes.   During this interval the defendant, an employee of the store, allegedly took her hand, placed it on his private parts and then placed his hand on her private parts. After the family arrived home the girl informed her father what had happened.   He returned to the

store and questioned the defendant regarding the allegations made by his daughter. Defendant denied the accusations.

At trial the defendant testified that he held the little girl's hand, gave her a soft pat and a little push on her behind and told her to catch her father. He denied that he touched her private parts or that he placed her hand on his private parts.

During the trial of this case defendant admitted pleading guilty to previous unrelated offenses, the most recent of which involved his indecent exposure to several girls of different ages.

The testimony offered by the girl, if believed by the fact finder, proved every element of the crime charged. It is not our function to assume the role of the trial judge by substituting our judgment for his.

"The trial court saw and heard the witnesses and was best able to judge the credibility to be accorded their testimony. *People* v. *Beath* [1936], 277 Mich 473. Defendant was represented by able counsel, and the conflicting testimony appears to have been fairly submitted to the court. From a careful examination of the record, we are convinced that the guilt of defendant was established beyond a reasonable doubt." *People* v. *Eger* (1941), 299 Mich 49, 55.

Affirmed.

HOLBROOK, P. J., and WISE, J., concurred.